**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
OSCAR WILLIAMS, JR.,                :
                                    :  Civil Action No. 07-2337 (JBS)
              Plaintiff,            :
                                    :
         v.                         :      **O P I N I O N**
                                    :
SOUTHWOODS STATE PRISON,            :
et al.,                             :
                                    :
              Defendants.           :
_____:

**APPEARANCES**:

Oscar Williams, Jr., Pro Se
# 522770/37799B
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101

**SIMANDLE**, District Judge

    Plaintiff, Oscar Williams, Jr., currently incarcerated at the Riverfront State Prison, Camden, New Jersey, seeks to bring this civil rights action in forma pauperis ("IFP"), without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and prison account statement, the Court will grant Plaintiff's IFP application, and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's harassment claims will be permitted to proceed.  However, Plaintiff's claims against Southwoods State Prison and Kathryn McFarland will be dismissed.

## BACKGROUND

Plaintiff is a special needs prisoner, who was, at some point, incarcerated at the Southwoods State Prison.  From January 10th, through January 17th, 2007, Plaintiff alleges that he was subjected to "disrespect and abuse of authoritative power used to place [him] in imminent harm and fear for his life on a daily-regular basis.  Not to mention the undue paranoia cause to an already unstable mental health patient with special needs . . . ."

Specifically, Plaintiff states that on January 10, 2007, defendant Rivera, a corrections officer, conducted a "bogus" cell search and destroyed his legal papers and "any other things within his reach."  On January 11, 2007, defendant Vennell, also a corrections officer conducted another "bogus" cell search and sanctioned him to "another 4 hours extra duty" that caused him to miss his scheduled group meeting.  On January 12, 2007, defendant Vennell conducted another "bogus" cell search, destroying personal photographs by deliberately tearing them up in pieces,

stepping on bags of potato chips, and threw things throughout the cell.

On January 14, 2007, defendant Vennell wrote a disciplinary charge against Plaintiff for loitering, which required Plaintiff to serve "4 hrs extra-duty of wiping cement pillar with sponge to imitate stroking the 'shaft' of a penis; as other officers cheered on to the extent of sounds of sexual satisfaction."

On January 17, 2007, defendant Vennell wrote a disciplinary report against Plaintiff sanctioning him with five days loss of recreation and causing him to miss certain groups.  Plaintiff also states that defendant Rivera and Baker gave him disciplinary charges.

Plaintiff states that due to the harassment from these officers, he stopped coming out of his cell after 2:00 p.m. when the defendants' shift started, and had the psychiatrist change the time he received his medications so he would not have to deal with the officers.  He was not able to attend evening group sessions, and did not eat dinner in fear of retaliation from the defendants.  Plaintiff states that he reported these incidents to his counselor.

Plaintiff seeks to sue under 42 U.S.C. § 1983 and asks for monetary and injunctive relief.[1]

---

[1] Plaintiff also refers to the Americans with Disabilities Act, 42 U.S.C. § 12132, which states, in relevant part:  "no qualified individual with a disability shall, by reason of such

**DISCUSSION**

**A.      Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower

---

disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Section 1915(e)(2)(B) requires the Court to dismiss, at the earliest practicable time, any in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to § 1915(e)(2)).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

> or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must claim (1) that the challenged conduct was committed by a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims**

   **1.   Harassment/Cell Searches**

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). The Eighth Amendment protects prisoners against calculated harassment. See Hudson v. Palmer, 468 U.S. 517, 530 (1984). As the United States Supreme Court has stated, "[i]ntentional harassment of even the most

6

hardened criminals cannot be tolerated by a civilized society." Id. at 528.

With respect to the cell searches, searches conducted as "calculated harassment unrelated to prison needs" may violate the Eighth Amendment. Hudson v. Palmer, 468 U.S. at 530. See also Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993). Numerous searches conducted within a short period of time may suggest intent to harass an inmate. See Scher v. Engelke, 943 F.2d 921, 923-24 (8th Cir. 1991) (finding that ten searches of an inmate's cell within a nineteen-day period constituted "cruel and unusual punishment"), cert. denied, 503 U.S. 952 (1992). However, repetitive searches which may seem to be harassment to the inmate do not violate the Eighth Amendment if each search is conducted for a legitimate purpose. See Proudfoot v. Williams, 803 F. Supp. 1048 (E.D. Pa. 1992) (finding that three searches within fourteen days did not violate Eighth Amendment when each search was made for a legitimate purpose).

Here, liberally construing the complaint, Plaintiff alleges that the three searches by defendants Vennell, Rivera, and condoned by Baker, within three days, including the harassing disciplinary filings against him, were conducted solely to harass and for no legitimate purpose. Plaintiff states an Eighth Amendment claim sufficient to avoid dismissal at this preliminary stage of the litigation. See Alston v. Parker, 363 F.3d 229, 233

7

n.6 (3d Cir. 2004) (stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms).

### 2. Claims Against Prison and Administrator

Plaintiff seeks to sue both the Southwoods State Prison and Administrator Kathryn McFarland. Plaintiff states that defendant McFarland has supervisory responsibilities over the facility and the officers involved in Plaintiff's allegations.

With regard to Southwoods State Prison, as noted, *supra*, a § 1983 actions must be brought against a "person." The Southwoods State Prison is not a person for purposes of suit under § 1983. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983).

Additionally, Administrator McFarland is not a proper defendant because Plaintiff has not shown how she is personally involved in Plaintiff's allegations. The Court of Appeals for the Third Circuit has held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through

allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  In this case, Plaintiff has not shown any personal involvement by this defendant.  The claims are based solely on supervisor liability in generally overseeing the facility and corrections officers.  Plaintiff makes no specific factual allegations regarding this defendant's personal involvement, knowledge or acquiescence in his alleged constitutional complaints.  Thus, this defendant must be dismissed from this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims will proceed against defendants Vennell, Rivera, and Baker.  Defendants Southwoods State Prison and McFarland will be dismissed from this action.  An appropriate Order accompanies this Opinion.


                                        s/ Jerome B. Simandle
                                        JEROME B. SIMANDLE
                                        United States District Judge


Dated:     **June 13, 2007**